1
2   Robert J. Ounjian (SBN 210213)
    robert@czrlaw.com
3   Jonathan W. Hornberger (SBN 31144)
    jhornberger@czrlaw.com
4   **CARPENTER, ZUCKERMAN & ROWLEY**
    8827 West Olympic Boulevard
5   Beverly Hills, California 90211
    Tel: (310) 273-1230
    Fax: (310) 858-1063
6
    Attorneys for Plaintiff M.S.
7
8               **UNITED STATES DISTRICT COURT**
9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10
11  | M.S., a minor by and through his guardian ad litem JOHN SCHARTON, | Case No.: |
    |---|---|
    | | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
    | Plaintiff, | |
    | v. | **1. DANGEROUS CONDITION OF PUBLIC PROPERTY** |
    | UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, an agency of the federal government, AGAPITO RAMIREZ, an individual, ALFRED SOLIS, an individual, SHARYL SOLIS, an individual, and DOES 1 through 10, | **2. GENERAL NEGLIGENCE** |
    | | **3. NEGLIGENCE/PREMISES LIABILITY** |
    | Defendants. | **PLAINTIFF'S DEMAND FOR JURY TRIAL** |

        Plaintiff M.S., a minor, by and through his guardian ad litem JOHN

    SCHARTON and his attorneys CARPENTER, ZUCKERMAN & ROWLEY, and

    under subject matter jurisdiction granted by 28 U.S.C. §§ 1331, 1332, 1346(b) and

    1367, hereby complains and alleges against the Defendants UNITED STATES OF

    AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, AGAPITO

Carpenter,
Zuckerman &
Rowley

RAMIREZ, ALFRED SOLIS and SHARYL SOLIS, and DOES 1 through 10 as follows:

## **INTRODUCTION**

1.      In this action, Plaintiff M.S. (hereinafter "Plaintiff") seeks to recover monetary damages for injuries he suffered as a result of the Defendants' negligent ownership, control, construction, maintenance, design, supervision, and repair of two defective fences and the adjacent property that created a dangerous condition for the public, generally, and children, in particular, along and near a drainage canal at or near the 1600 block of East 7th Street in Pomona, California believed to be called the San Antonio Wash.

2.      On March 12, 2017 at approximately 6:13 PM, Plaintiff was an eleven year old pedestrian on the property adjacent to or otherwise at or near the San Antonio Wash when he passed through an opening in one fence, and then placed his hands on a second fence.  This second fence moved or was otherwise defective and caused the Plaintiff to lose his balance and/or fall approximately twenty (20) feet to the concrete pavement at the bottom of the Wash.

3.      Upon information and belief, Defendant UNITED STATES OF AMERICA and UNITED STATES ARMY CORPS OF ENGINEERS (hereinafter collectively identified as "USA") was granted an easement to the San Antonio Wash and adjacent property including the area where the Plaintiff was injured.

Carpenter,
Zuckerman &
Rowley

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

When "Defendant USA" is used in this Complaint, it means both Defendant UNITED STATES OF AMERICA and Defendant UNITED STATES ARMY CORPOS OF ENGINEERS.

4.     At all times relevant, Defendants AGAPITO RAMIREZ, and ALFRED SOLIS and SHARYL SOLIS, and DOES 1 through 10, inclusive, owned property at and abutting the San Antonio Wash and the area at or near where the Plaintiff was injured.

5.     The Defendants' wrongful conduct was a direct and proximate and legal cause of the injuries Claimant suffered as a result of falling approximately twenty (20) feet and landing on his feet on the concrete below, including bilateral calcaneal fractures, with comminution in his left heel, and minimal displacement in his right heel.

## PARTIES

6.     Plaintiff is, and at all times relevant herein was, a resident of the County of Los Angeles, State of California.

7.     Defendant USA is a sovereign nation and an agency of the government of the United States of America which, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*., has subjected itself to the jurisdiction of this Court.

///

Carpenter,
Zuckerman &
Rowley

8.      Upon information and belief, Defendant AGAPITO RAMIREZ (hereinafter "RAMIREZ") is, and at all times relevant herein was, domiciled in the County of Los Angeles, State of California.

9.      Upon information and belief, Defendants ALFRED SOLIS and SHARYL SOLIS (hereinafter "ALFRED and SHARYL SOLIS") are, and at all times relevant herein were, domiciled in the County of Los Angeles, State of California.

10.     The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names as permitted in Local Rule 19-1.  Plaintiff alleges that each fictitiously named Defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged.  Plaintiff will seek leave of Court to amend this complaint to set forth their true names and capacities when ascertained.  Reference herein to Defendant(s) shall include reference to all Defendants, including all named and all fictitiously named defendants.

11.     Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times relevant hereto, each Defendant was the owner, agent, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority

Carpenter,
Zuckerman &
Rowley

and with the permission and consent of its co-Defendants, and each of them, and

that said acts of each Defendant was ratified by said Defendant's co-Defendants.

## **JURISDICTION AND VENUE**

12.     The jurisdiction of the court over the subject matter of this action is

predicated and based upon, without limitation, 28 U.S.C. §§ 1331, 1332, 1346 and

1367.

13.     Pursuant to 28 U.S.C. § 1391, venue is proper as a substantial part of

the events or omissions giving rise to the claim occurred within the jurisdiction of

the United States District Court for the Central District of California.

14.     On or about January 11, 2019, Plaintiff timely presented an

administrative claim to Defendant USA in accordance with 28 U.S.C. § 2675(a).

15.     In a letter dated July 15, 2019, the United States Department of the

Army, Tort Claims Division, on behalf of Defendant USA, sent a letter to counsel

for the Plaintiff notifying them of the agency's rejection of Plaintiff's claim.

## **FACTS**

### **A.     The Fall**

16.     On or about March 12, 2017, at approximately 6:13 PM, Plaintiff was

a pedestrian on property immediately adjacent to a drainage canal at or near the

1600 block of East 7th Street in Pomona, California believed to be called the "San

Antonio Wash."

Carpenter,
Zuckerman &
Rowley

17.     On that date, Plaintiff passed through an opening in one fence, and then placed his hands on a second fence.  This second fence moved or was otherwise defective and caused Plaintiff to lose his balance or fall approximately twenty (20) feet where he landed on his feet on the concrete pavement at the bottom of the Wash.

18.     Plaintiff sustained injuries in the fall.

19.     Upon information and belief, Defendant USA was granted an easement to the San Antonio Wash, the adjacent area, and the area where Plaintiff was injured.

20.     At all times relevant herein, Defendant RAMIREZ and Defendants ALFRED and SHARYL SOLIS owned property at and abutting the San Antonio Wash and Defendant USA's easement thereon.

21.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, negligently owned, controlled, constructed, maintained, designed, supervised, and repaired two defective fences and negligently owned, controlled, maintained, designed, and supervised the adjacent property that, together, created a dangerous condition for the public, generally, and children, in particular.

22.     The first fence was torn, broken down, defective, not secure, open, and unreasonably ineffective in its primary objective of discouraging access to the

Carpenter,
Zuckerman &
Rowley

property immediately adjacent to the San Antonio Wash, and improperly contained an opening which provided improper guidance and signaling to children, and allowed children to pass into a dangerous area. The first fence was, further, an attractive nuisance.

23. The first fence permitted Plaintiff to access the dangerous condition manifested by the second fence that was, itself, not properly secure, such that it caused Plaintiff to lose balance and fall.

24. The dangerous condition manifested by the second fence was further caused and exacerbated by the lack of warnings and by the topography of the area, and also by the lack of other protective measures.

25. The area with the dangerous condition lacked sufficient positive guidance to pedestrians, especially children.

26. The dangerous condition, the subject fencing, was maintained on property open to the public for pedestrians.

27. Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, breached their duties of care and allowed the dangerous condition, the subject fencing, to exist.

28. Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, had actual and constructive notice of the

dangerous condition, created the dangerous condition, and any reasonable inspection would have identified the dangerous condition.

29.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, negligently owned, repaired, inspected, maintained, and controlled the dangerous condition and allowed Plaintiff, a minor, to enter the dangerous area and negligently failed to protect the Plaintiff, a minor, from falling in the canal and wash.

30.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, further willfully and/or maliciously failed to protect Plaintiff and his father or warn Plaintiff and his father about the dangerous conditions on the property.  The Defendants, without limitation, had actual and/or constructive knowledge of the peril to be apprehended; actual and/or constructive knowledge that the injury was a probable result of the danger; and conscious failure to act to avoid the peril.

31.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, further expressly invited Plaintiff to use the property for recreational purposes.

32.     The Plaintiff's fall and resulting injury was caused by the dangerous condition created and/or maintained by the Defendants.

///

Carpenter,
Zuckerman &
Rowley

## B.   Damages

33.     As a factual and legal result of the Defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff was injured in his health, strength and activity, and sustained injury to his body, nervous system, and person, all of which have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering and severe emotional distress.

34.     As a factual and legal result of the aforementioned negligence, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

35.     Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

36.     As a further factual and legal result of the Defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff was required to and will have to employ physicians and surgeons for medical examinations, treatments and/or care of said injuries.  Plaintiff will ask leave of court to amend this Complaint to set forth the correct amount of medical and incidental expenses when the same are fully and finally ascertained.

///

Carpenter,
Zuckerman &
Rowley

37.    As a further factual and legal result of the acts of Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10 inclusive, Plaintiff was prevented from attending to his usual occupation and his earning capacity was greatly impaired.  Plaintiff's exact total loss of earnings is not yet ascertained.  Further, Plaintiff's exact loss of future earning and loss of earning capacity are not yet ascertained.  Plaintiff will seek to amend this complaint at such time as the amount is ascertained.

## COUNT I

### DANGEROUS CONDITION OF PUBLIC PROPERTY

### (Against Defendant UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS)

38.    Plaintiff repeats and re-alleges as though fully set forth at length and incorporates herein by reference all of the allegations and statements contained in this Complaint.

39.    At all times mentioned herein, Defendant USA was a duly-formed public entity in accord with the Constitution of the United States of America.

40.    The Plaintiff is informed and believes that Defendant USA had ongoing and continuous ownership and/or control over, and responsibility for, among other things, the San Antonio Wash, nearby fences, and nearby land.

41.    The incident alleged herein was caused by, without limitation, a dangerous condition of public property for pedestrians.

Carpenter,
Zuckerman &
Rowley

42.     At all times mentioned herein, Defendant USA, and its agents, representatives and employees, breached its duty of care and allowed a dangerous condition to exist and continue in the following respects, without limitation.

43.     The Defendants negligently owned, repaired, inspected, maintained, and controlled the subject fencing in a dangerous condition, such that it allowed a minor to enter into a dangerous area and failed to protect the minor from falling into the canal and wash. The dangerous condition of the area was further caused and/or exacerbated by, without limitation, the lack of warnings, the topography of the area, the lack of positive guidance to pedestrians, and lack of other protective measures.

44.     The fall giving rise to this claim was caused by, without limitation, the dangerous condition of public property for pedestrians:

a.      The San Antonio Wash and adjacent property and fences were dangerous and defectively planned, designed, drafted, engineered, constructed and positioned, and was not approved in accordance with standard procedure, regulations, and statutes (thereby violating same), or it could not reasonably have been approved by the appropriate and responsible governmental entity or any delegates and agents thereof.

b.      To the extent that the design for the San Antonio Wash and adjacent property and fences were approved, if any approval was requested and

Carpenter,
Zuckerman &
Rowley

given, the requesting and responding authorities, delegates, and agents were incompetent and/or failed to possess the requisite skills and expertise to render a reasonable evaluation of the benefits, risks, and dangers of the plan as submitted or amended and approved.

c.     To the extent that the design was approved, said approval was unreasonable and constituted a manifest abuse of discretion, or was otherwise negligent, reckless, and in conscious disregard of applicable engineering standards and conditions then existing or reasonably contemplated to exist in the future, once said design was implemented.

d.     The San Antonio Wash and adjacent property and fences were at all times dangerous, improperly and defectively maintained, managed, inspected, installed, repaired, modified, reviewed, and evaluated, if in fact it was maintained, managed, inspected, installed, repaired, modified, reviewed, and evaluated.  To the extent that such functions were not performed, they should have been, and to the extent that they were performed, they were done improperly, negligently, recklessly, and violated applicable engineering standards and regulations.

e.     Among the conditions of the San Antonio Wash and adjacent property and fences that were defectively and negligently maintained, managed, controlled, inspected, installed, repaired, modified, reviewed, and evaluated are, without limitation:

Carpenter, Zuckerman & Rowley

i.      Deficient sight-lines / insufficient line of sight;

ii.     Lack of signage;

iii.    Lack of warnings;

iv.     Lack of illumination;

v.      Topography of the area;

vi.     Fences that were in dangerous condition;

vii.    Fences that allowed minors to pass through and did not have positive guidance to restrict their movement;

viii.   Fences that did not protect pedestrians from falling into the canal and wash;

ix.     Vegetation in the area that was in a dangerous condition; and

x.      Lack of other protective measures.

45.    Defendant USA violated its duty to the Plaintiff and to the public at large when it failed to own, operate, maintain, inspect, construct, and repair the San Antonio Wash and adjacent property and fences in a reasonably safe manner. The Defendant's negligence and misconduct includes, but is not limited to, negligent ownership, control, construction, maintenance, inspection, placement, supervision, repairs, design, modifications of the location, shrubbery/plants/trees, lights, fences, easements, and vegetation.  The location was unsafe because of

Carpenter, Zuckerman & Rowley

improper materials used. The adjacent property was improperly maintained. The position, geometry, and design of the location impaired pedestrians' views.

46.     Defendant USA further failed to warn against a non-obvious and concealed trap.

47.     Defendant USA further failed to properly supervise, educate, train, monitor and test workers, including employees and agents who were responsible for doing the acts and tasks above.

48.     Defendant USA failed to warn of these known risks and hazards, some of which were created by the Defendant and some of which existed for a sufficient period of time for the agency to provide warnings and/or remove the risk or hazard.  Defendant USA failed to warn of previous similar incidents.

49.     Notice of these dangerous conditions, among others, was manifest, and further given by numerous similar incidents occurring in this region and in areas with a similar design so as to afford Defendant USA a reasonable time to devise and implement cost-efficient safety measures, either eliminating the existing great risk of harm or rendering it reasonable.  No reasonable corrections were ever undertaken or completed.

50.     Any plan or design of the location became dangerous, without limitation, because of a change in the conditions, including physical conditions; Defendant USA had actual and constructive notice of the dangerous condition thus

Carpenter,
Zuckerman &
Rowley

created; and the Defendant had a reasonable time to obtain the funds to carry out the necessary remedial work to bring the property back into conformity with a reasonable design or plan and/or implement an intermediate remedial measure and Defendant has not reasonably attempted to provide adequate warnings.

51.     Defendant USA voluntarily undertook to install warning signals, lights, signs, markings, illumination, demarcations, and distinctive markings and invited the public to justifiably rely upon them.  Such warning signals, lights, signs, markings, illumination, demarcations, and distinctive markings malfunctioned and confused and mislead pedestrians.

52.     Defendant USA willfully and/or maliciously failed to protect Plaintiff and his father or warn Plaintiff and his father about the dangerous conditions on the property.  Defendant USA, without limitation, had actual and/or constructive knowledge of the peril to be apprehended; actual and/or constructive knowledge that the injury was a probable result of the danger; and conscious failure to act to avoid the peril.

53.     Defendant USA expressly invited Plaintiff to use the property for recreational purposes.

54.     Plaintiff's injuries were a direct, proximate, and legal result of the negligence, acts and omissions by Defendant USA.

///

Carpenter,
Zuckerman &
Rowley

55.     As a direct, proximate, and legal cause of Defendant USA's wrongful conduct, Plaintiff suffered foreseeable, past and future physical and emotional injuries, general, special, and incidental damages in an amount according to proof by in excess of the jurisdictional requirements of this court.

56.     As a further direct, proximate, and legal result of the acts and omissions by Defendant USA, Plaintiff was required to and did employ, and will continue to employ, physicians, surgeons, and other medical and psychological personnel to treat and care for him.  He has incurred additional healthcare expenses for hospital bills and other incidental expenses.  Said damages are in a sum the exact amounts of which are not yet known to Plaintiff, but which amounts will be proved at the time of trial.

57.     As a further direct and proximate result of the acts and omissions of Defendant USA, Plaintiff has suffered and will continue to suffer lost future earnings and income, and/or a diminution of their future earning capacity.  Said damages are in a sum the exact amounts of which are not yet known to Plaintiff, but which amounts will be proved at the time of trial.

58.     As a further direct and proximate result of the acts and omissions of Defendant USA, Plaintiff has suffered and will continue to suffer a loss of an ability to provide household services. Said damages are in a sum the exact amounts

Carpenter,
Zuckerman &
Rowley

of which are not yet known to Plaintiff, but which amounts will be proved at the time of trial.

59.     As a further direct and proximate result of the acts and omissions of Defendant USA, Plaintiff has suffered and will continue to suffer in the future: physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress. Said damages are in a sum the exact amounts of which are not yet known to Plaintiff, but which amounts will be proved at the time of trial.

## COUNT II

### GENERAL NEGLIGENCE

**(Against Defendants UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, AGAPITO RAMIREZ, ALFRED SOLIS and SHARYL SOLIS, and DOES 1 through 10)**

60.     Plaintiff repeats and re-alleges as though fully set forth at length and incorporates herein by reference all of the allegations and statements contained in this Complaint.

61.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, by their acts and omissions to act, negligently caused physical injuries to Plaintiff which occurred on or about March 12, 2017, along the San Antonio Wash and adjacent property and fences in the City of Pomona and/or the County of Los Angeles, which were owned/maintained/leased/

Carpenter,
Zuckerman &
Rowley

controlled by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive.

62.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, negligently owned, controlled, constructed, maintained, designed, supervised, and repaired two defective fences and the adjacent property along the San Antonio Wash that created a dangerous condition for the public, generally, and children, in particular.

63.     The first fence was torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash, and improperly contained an opening which provided improper guidance and signaling to children, and allowed children to pass into the dangerous area adjacent to the San Antonio Wash, thereby creating an attractive nuisance, and permitting Plaintiff to access the dangerous condition manifested by the second fence.

64.     The second fence was not properly secure, such that it caused Plaintiff to lose balance and fall.

65.     The fences along this portion of the San Antonio Wash were in a condition of disrepair, torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash and preventing falls into the Wash as a

result of the negligence and carelessness of Defendants, which condition had existed for several years prior to the March 12, 2017 incident.

66.     The property adjacent to the San Antonio Wash where Plaintiff fell was made dangerous by the condition of the fences, the lack of warnings and the topography of the area, and the lack of other protective measures.

67.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, had non-delegable duties to maintain the two fences and the adjacent property in a reasonably safe condition and had actual notice of the foregoing unsafe, unreasonable, hazardous, and/or defective conditions of the fences and adjacent property prior to the incident, because they and/or their employees created and/or observed these foregoing conditions of the fence and adjacent property prior to the incident.

68.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, also had constructive notice of the foregoing unsafe, unreasonable, hazardous, and/or defective conditions of the fences and adjacent property prior to the incident, because these foregoing conditions had existed for several years prior to the incident and a reasonable inspection of the fences and adjacent property would have therefore discovered these unsafe, unreasonable, hazardous, and/or defective conditions.

///

Carpenter,
Zuckerman &
Rowley

69.    Defendants RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, breached their duty of reasonable care and were negligent and failed to exercise reasonable care, among other ways and without limitation, by failing to notify Defendant USA, the City of Pamona and/or County of Los Angeles, prior to the incident, that the fences adjacent to the San Antonio Wash and to their properties were torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash and preventing falls into the Wash; by their activities in creating the unsafe, unreasonable, defective, and/or hazardous condition of the fences and adjacent property, by causing and allowing them to be torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes; by failing to warn Plaintiff and the public about the existence of the hazardous condition of these fences and the adjacent property; and also by failing to take other protective measures.

70.    Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, further willfully and/or maliciously failed to protect Plaintiff and his father or warn Plaintiff and his father about the dangerous conditions on the property.  The Defendants, without limitation, had actual and/or constructive knowledge of the peril to be apprehended; actual and/or constructive

Carpenter,
Zuckerman &
Rowley

knowledge that the injury was a probable result of the danger; and conscious

failure to act to avoid the peril.

71.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS,

and DOES 1 through 10, inclusive, further expressly invited Plaintiff to use the

property for recreational purposes.

72.     On March 12, 2017, Plaintiff was a pedestrian at the end of the 1600

block of East 7th Street in Pomona, California, at or near the San Antonio Wash,

and adjacent to the private  properties that were owned, leased, and/or controlled

by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES

1 through 10, inclusive.  Plaintiff was exercising ordinary and reasonable care,

when he passed through an opening in one fence, and then placed his hands on a

second fence.  The second fence moved or was otherwise defective and caused

Plaintiff to lose his balance and/or fall approximately twenty (20) feet to the

concrete pavement at the bottom of the San Antonio Wash.

73.     As a result of this incident, Plaintiff sustained serious injuries to his

body which has resulted in substantial medical care and treatment; which will

require future medical care and treatment; and which has and will continue to

result in substantial pain, suffering, and distress.

74.     This incident and Plaintiff's resulting physical injuries, past and future

medical care and treatment, and past and future pain, suffering, and distress were

Carpenter,
Zuckerman &
Rowley

directly and proximately caused by the negligent acts or omissions to act of Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive.

75.    As a direct, proximate, and legal cause of the negligent acts and omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, Plaintiff suffered foreseeable, past and future, physical and emotional injuries, general, special and incidental damages in an amount according to proof in excess of the jurisdictional limit of this case.

76.    As a further direct, proximate, and legal result of the negligent acts and omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, as alleged herein, Plaintiff was required to and did employ physicians, surgeons, and other medical personnel to treat and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses.  Said damages are in a sum the exact amounts of which are not yet known to Plaintiff, but which amounts will be proved at the time of trial.

77.    As a further direct and proximate result of the negligent acts and omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, as alleged herein, Plaintiff has suffered and will continue to suffer lost future earnings and income, and/or a diminution of his

Carpenter,
Zuckerman &
Rowley

future earning capacity.  Said damages are in a sum the exact amounts of which are

not yet known to Plaintiff, but which amounts will be proved at the time of trial.

## COUNT III

## NEGLIGENCE/PREMISES LIABILITY

**(Against Defendants UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, AGAPITO RAMIREZ, ALFRED SOLIS and SHARYL SOLIS, and DOES 1 through 10)**

78.   Plaintiff repeats and re-alleges as though fully set forth at length and

incorporates herein by reference all of the allegations and statements contained in

this Complaint.

79.   Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS,

and DOES 1 through 10, inclusive, by their acts and omissions to act, negligently

caused physical injuries to Plaintiff on March 12, 2017, on property along and

abutting the San Antonio Wash at or near the 1600 block of East 7th Street in

Pomona, California, and the Defendant USA's easement thereon.

80.   The property where the Plaintiff fell was owned/maintained/

leased/controlled by Defendants.

81.   Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS,

and DOES 1 through 10, inclusive, negligently owned, controlled, constructed,

maintained, designed, supervised, and repaired two defective fences and the

Carpenter,
Zuckerman &
Rowley

adjacent property along the San Antonio Wash that created a dangerous condition for the public, generally, and children, in particular.

82.    The first fence was torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash, and improperly contained an opening which provided improper guidance and signaling to children, and allowed children to pass into the dangerous area adjacent to the San Antonio Wash, thereby creating an attractive nuisance, and permitting Plaintiff to access the dangerous condition manifested by the second fence.

83.    The second fence was not properly secure, such that it caused Plaintiff to lose balance and fall.

84.    The fences along this portion of the San Antonio Wash were in a condition of disrepair, torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash and preventing falls into the Wash as a result of the negligence and carelessness of Defendants, which condition had existed for several years prior to the March 12, 2017 incident.

85.    The property adjacent to the San Antonio Wash where Plaintiff fell was made dangerous by the condition of the fences, the lack of warnings and the topography of the area, and the lack of other protective measures.

Carpenter,
Zuckerman &
Rowley

86.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, had non-delegable duties to maintain the two fences and the adjacent property in a reasonably safe condition and had actual notice of the foregoing unsafe, unreasonable, hazardous, and/or defective conditions of the fences and adjacent property prior to the incident, because they and/or their employees created and/or observed these foregoing conditions of the fence and adjacent property prior to the incident.

87.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, also had constructive notice of the foregoing unsafe, unreasonable, hazardous, and/or defective conditions of the fences and adjacent property prior to the incident, because these foregoing conditions had existed for several years prior to the incident and a reasonable inspection of the fences and adjacent property would have therefore discovered these unsafe, unreasonable, hazardous, and/or defective conditions.

88.     Defendants RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, breached their duty of reasonable care and were negligent and failed to exercise reasonable care, among other ways and without limitation, by failing to notify Defendant USA, the City of Pamona and/or County of Los Angeles, prior to the incident, that the fences adjacent to the San Antonio Wash and to their properties were torn, broken down, defective, not secure, open,

Carpenter,
Zuckerman &
Rowley

and unreasonably ineffective in their primary purposes of discouraging access to the property adjacent to the San Antonio Wash and preventing falls into the Wash; by their activities in creating the unsafe, unreasonable, defective, and/or hazardous condition of the fences and adjacent property, by causing and allowing them to be torn, broken down, defective, not secure, open, and unreasonably ineffective in their primary purposes; by failing to warn Plaintiff and the public about the existence of the hazardous condition of these fences and the adjacent property; and also by failing to take other protective measures.

89.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, further willfully and/or maliciously failed to protect Plaintiff and his father or warn Plaintiff and his father about the dangerous conditions on the property.  The Defendants, without limitation, had actual and/or constructive knowledge of the peril to be apprehended; actual and/or constructive knowledge that the injury was a probable result of the danger; and conscious failure to act to avoid the peril.

90.     Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive, further expressly invited Plaintiff to use the property for recreational purposes.

91.     On March 12, 2017, Plaintiff was a pedestrian at the end of the 1600 block of East 7th Street in Pomona, California, at or near the San Antonio Wash,

Carpenter,
Zuckerman &
Rowley

and adjacent to the private  properties that were owned, leased, and/or controlled by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive.  Plaintiff was exercising ordinary and reasonable care, when he passed through a notorious and open and obvious opening in the first fence, and thereafter, at approximately 6:13 PM, while exercising ordinary and reasonable care, Plaintiff placed his hands on the second fence, which was also defective and poorly maintained, and otherwise manifested an unsafe condition, and which caused Plaintiff to lose his balance and/or fall approximately twenty (20) feet down, where he landed on his feet on the concrete pavement at the bottom of the San Antonio Wash.

92.    As a result of his fall, Plaintiff sustained serious injuries to his body which has resulted in substantial medical care and treatment; which will require future medical care and treatment; and which has and will continue to result in substantial pain, suffering, and distress.

93.    This incident and Plaintiff's resulting physical injuries, past and future medical care and treatment, and past and future pain, suffering, and distress were directly and proximately caused by the negligent acts or omissions to act of Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS, and DOES 1 through 10, inclusive.

Carpenter,
Zuckerman &
Rowley

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

94.     As a direct, proximate, and legal cause of the negligent acts and

omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS,

and DOES 1 through 10, inclusive, Plaintiff suffered foreseeable, past and future,

physical and emotional injuries, general, special and incidental damages in an

amount according to proof in excess of the jurisdictional limit of this case.

95.     As a further direct, proximate, and legal result of the negligent acts

and omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL

SOLIS, and DOES 1 through 10, inclusive, as alleged herein, Plaintiff was

required to and did employ physicians, surgeons, and other medical personnel to

treat and care for him, and incurred additional medical expenses for hospital bills

and other incidental medical expenses.  Said damages are in a sum the exact

amounts of which are not yet known to Plaintiff, but which amounts will be proved

at the time of trial.

96.     As a further direct and proximate result of the negligent acts and

omissions by Defendants USA, RAMIREZ, and ALFRED and SHARYL SOLIS,

and DOES 1 through 10, inclusive, Plaintiff has suffered and will continue to

suffer lost future earnings and income, and/or a diminution of his future earning

capacity.  Said damages are in a sum the exact amounts of which are not yet known

to Plaintiff, but which amounts will be proved at the time of trial.

Carpenter,
Zuckerman &
Rowley

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff M.S. prays for judgment against Defendants UNITED STATES OF AMEIRCA and the UNITED STATES ARMY CORPS OF ENGINEERS, AGAPITO RAMIREZ, ALFRED SOLIS and SHARYL SOLIS, and DOES 1 through 10, inclusive, and each of them, as follows:

A.     For general damages according to proof in an amount exceeding the minimum jurisdiction of this court and for special damages including, without limitation, for medical expenses, medication, loss of earnings, loss of earning capacity, future loss of earnings, future medical expenses, and other out-of-pocket expenses and economic damages in an amount according to proof at time of trial in excess of $5,000,000.00;

B.     For costs of suit incurred herein; and

C.     For such other and further relief as the court may deem proper.


Dated: January 13, 2020          **CARPENTER, ZUCKERMAN & ROWLEY**

**By**:          /s/ Robert J. Ounjian
                 Robert J. Ounjian
                 8827 West Olympic Boulevard
                 Beverly Hills, California 90211
                 T: (310) 273-1230
                 F: (310) 858-1063
                 *Attorneys for Plaintiff, M.S.*

Carpenter,
Zuckerman &
Rowley

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **JURY TRIAL DEMAND**

Plaintiff M.S. hereby demands a trial by jury on all causes of action.


Dated: January 13, 2020          **CARPENTER, ZUCKERMAN & ROWLEY**

                                 **By**:      /s/ Robert J. Ounjian
                                 Robert J. Ounjian
                                 8827 West Olympic Boulevard
                                 Beverly Hills, California 90211
                                 T: (310) 273-1230
                                 F: (310) 858-1063
                                 *Attorneys for Plaintiff, M.S.*

Carpenter,
Zuckerman &
Rowley